# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

VANCE DOTSON, )
)
    Plaintiff, )
)
v. ) Case No. CIV-17-575-D
)
ENERGY FUTURE HOLDINGS )
CORP. d/b/a TXU ENERGY, *et al.*, )
)
    Defendants. )

## ORDER

    Plaintiff brought this action on May 19, 2017, against 16 defendants, alleging multiple violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. *See* Compl. [Doc. No. 1] at 3. Before the Court is a Notice of Bankruptcy [Doc. No. 11], filed June 21, 2017, on behalf of 15 defendants (collectively, "TXU Energy Defendants").[1] TXU Energy Defendants ask the Court to stay these proceedings with respect to them during the pendency of bankruptcy proceedings involving Energy Future Holdings Corporation ("EFH"). Plaintiff filed a response in opposition [Doc. No. 12], asserting primarily that the instant action is not one which could have commenced prior to EFH's filing of bankruptcy.

    According to the Notice of Bankruptcy and attached exhibits [Doc. Nos. 11-1, 11-2], Defendant EFH and 70 affiliated companies each filed voluntary petitions for Chapter

---

[1] The Notice of Bankruptcy was filed on behalf of all Defendants except Experian Information Solutions, Inc. ("Experian"), which is represented by separate counsel and not involved in the bankruptcy.

11 bankruptcy on April 29, 2014. *See* Ex. A, Pet. [Doc. No 11-1] at 5.[2] On August 29, 2016, the United States Bankruptcy Court for the District of Delaware entered an order confirming the Third Amended Joint Plan of Reorganization, Ex. B, Confirmation Order [Doc. No. 11-2], which went into effect October 3, 2016, as to Texas Competitive Electric Holdings Company LLC and its subsidiaries ("TCEH Debtors")[3]. *See id.* at 92, 117, 120, 137, 144-49, 152-165. TXU Energy Defendants assert that all Defendants except EFH and Experian are "TCEH Debtors" and therefore, "Released Parties." *See* Notice of Bankruptcy [Doc. No. 11] at 3-4; Ex. B, Confirmation Order [Doc. No. 11-2] at 112.

Pursuant to § 362 of the Bankruptcy Code, the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . or to recover a claim against the debtor that arose before the commencement of the case[.]" 11 U.S.C. § 362(a)(1). Broadly citing to 11 U.S.C. § 362(a)(1), the Complaint [Doc. No. 1], and TXU Energy Defendants' Notice and Ex. A, Pet. [Doc. Nos. 11, 11-1], Plaintiff asserts that the instant action "is not one which could have been commenced" prior to EFH's bankruptcy filing, and therefore,

---

[2] *See In re Energy Future Holdings Corp.*, Case No. 14-10979 (Bankr. D. Del. 2014). The debtors' cases have been jointly administered for procedural purposes.

[3] "TCEH Debtors" means, collectively: (a) Energy Future Competitive Holdings Company LLC; (b) Texas Competitive Electric Holdings Company LLC; and (c) TCEH's directly and indirectly owned subsidiaries listed on Exhibit A to the Plan, including, but not limited to, TXU Energy Retail Company LLC and TXU Energy Solutions Company LLC, who are named Defendants in this action. [Doc. No. 11-2] at 92, 117, 119, 204.

2

any automatic stay "effective with respect to EFH … is not applicable to [the] instant action." Pl.'s Resp. [Doc. No. 12] at 1.

The Tenth Circuit has adopted the "conduct theory" in ascertaining when a claim arises for purposes of the Bankruptcy Code. *See In re Parker v. Parker*, 264 B.R. 685, 696 (B.A.P. 10th Cir. 2001). A claim arises at the time the debtor commits the conduct that gives rise to the claim. *Id.*

Here, Plaintiff has sued 16 defendants for conduct regarding a consumer debt that allegedly was a result of identity theft. Plaintiff states that he discovered the false information when he was denied a mortgage loan and obtained a copy of his credit report from Defendant Experian on May 5, 2016, and learned that the report showed a trade line debt for $107.00 to TXU Energy. Compl. [Doc. No. 1] at 5.

The Fair Credit Reporting Act ("FCRA") provides a consumer with a private right of action against a person who furnishes credit information to consumer reporting agencies if the furnisher violates a statutory duty imposed by Section 1681s-2(b)(1). These duties arise when a furnisher of information receives notice of a dispute from a consumer reporting agency. *See* 15 U.S.C. § 1681s-2(b)(1); *see also Sanders v. Mountain Am. Fed. Credit Union,* 689 F.3d 1138, 1147 (10th Cir. 2012); *Pinson v. Equifax Credit Info. Services, Inc.*, No. 08-5063, 2009 WL 595991, at *4 (10th Cir. March 10, 2009) (unpublished)[4] (statutory duties listed in Section 1681s-2(b) for furnishers arise only after the furnisher receives notice of a dispute from the credit reporting agency). When the

---

[4] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

furnisher receives notice of the dispute from the credit reporting agency, it must perform the verification and correction duties outlined in Section 1681s-2(b). *Sanders*, 689 F.3d at 1147.

Plaintiff alleges in his Complaint that TXU Energy Defendants are "furnishers of information" within the meaning of the FCRA. *See* Compl. [Doc. No. 1] at 4. Plaintiff maintains that he initiated the dispute notification process on May 5, 2016, when he sent letters to TXU Energy Defendants and Defendant Experian, disputing the trade line debt of $107.00 and the accuracy of his credit report. *Id.* Defendant Experian admits it is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(p). *See* Def. Experian's Answer [Doc. No. 9] at 3.

Plaintiff asserts that subsequent to May 5, 2016, Defendant Experian sent a dispute notification to TXU Energy Defendants concerning the trade line item in Plaintiff's Experian credit report. *See* Compl. [Doc. No. 1] at 6. Plaintiff further maintains that TXU Energy Defendants falsely verified to Defendant Experian that Plaintiff was personally liable for the disputed debt and the amount was still due. *Id*.

Based on the foregoing chronology of events, as alleged by Plaintiff, the Court finds that TXU Energy Defendants' conduct giving rise to Plaintiff's claim occurred post-petition. Plaintiff's claim did not arise until sometime after May 5, 2016, and the bankruptcy petition was filed two years before. As such, Plaintiff's claim is not subject to the automatic stay. "[B]ankruptcy was intended to protect the debtor from the continuing costs of pre-bankruptcy acts but not to insulate the debtor from the costs of post-bankruptcy

acts." *In re Grynberg v. Danzig Claimants,* 143 B.R. 574, 576 (D. Colo. 1990), *citing Matter of Hadden*, 57 B.R. 187, 190 (Bankr. W.D. Wis. 1986).

Section 362(a)(1) does not operate to stay Plaintiff's claims against TXU Energy Defendants. Accordingly, the Court declines to stay the present action.

IT IS SO ORDERED this 19th day of September 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE