**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VANCE DOTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-575-D |
| | ) |
| ENERGY FUTURE HOLDINGS | ) |
| CORP. d/b/a TXU ENERGY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

The present matter arises on Plaintiff's Motion for Entry of Default [Doc. No. 15], TXU Energy Defendants' Amended Motion for Leave to File Objection to Entry of Default [Doc. No. 24], and TXU Energy Defendants' Motion for Leave to File Answer or Other Responsive Pleading [Doc. No. 26]. For the following reasons, the Court grants TXU Energy Defendants' Motion for Leave to File Answer or Other Responsive Pleading [Doc. No. 26] out of time.

**FACTUAL BACKGROUND**

Plaintiff filed this action on May 19, 2017, against 16 defendants, alleging multiple violations of the Fair Credit Reporting Act ("FCRA"). [Doc. No. 1]. TXU Energy Solutions Management Company LLC, TXU Energy Industries Company and TXU Energy Services LLC were served with a copy of the Complaint on June 2, 2017 [Doc.

Nos. 5-7].[1] On June 21, 2017, Lyle R. Nelson, counsel of record for Energy Future Holdings Corporation ("EFH") and TXU Energy Defendants, filed a Notice of Bankruptcy [Doc. No. 11]. The Notice requested the Court stay proceedings with respect to all Defendants, except Experian, during the pendency of bankruptcy proceedings involving EFH. [Doc. No. 11]. Plaintiff filed a response in opposition [Doc. No. 12], asserting that the instant action was not one that could have commenced prior to EFH's filing of bankruptcy.

On June 27, 2017, Plaintiff filed a Notice of Voluntary Dismissal [Doc. No. 14], dismissing EFH, TXU Energy Retail Company LLC, and TXU Energy Solutions Company LLC. On June 30, 2017, Plaintiff filed a Motion for Entry of Default [Doc. No. 15] against TXU Energy Solutions Management Company LLC, TXU Energy Industries Company and TXU Energy Services Company LLC.

The Court entered an Order [Doc. No. 22] on September 19, 2017, concluding that 11 U.S.C. § 362(a)(1) did not operate to stay Plaintiff's claims against Defendants. Subsequently, and out of time, TXU Energy Defendants filed their Amended Motion for Leave to File Objection to Entry of Default [Doc. No. 24] and Motion for Leave to File Answer or Other Responsive Pleading [Doc. No. 26]. Plaintiff responded in opposition [Doc. Nos. 25, 28].

---

[1] Experian Information Solutions, Inc. ("Experian") was served on May 30, 2017 [Doc. No. 4], and filed an Answer on June 20, 2017 [Doc. No. 9]. The record reflects that the remaining Defendants have not been served.

## ANALYSIS

No default has been entered; therefore, the appropriate standard is whether the Court should extend the time for TXU Energy Defendants to answer or file a responsive pleading pursuant to FED. R. CIV. P. 6(b)(1)(B). Rule 6(b)(1)(B) provides that "When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of *excusable neglect*." (emphasis added).

The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993). The circumstances to be considered include "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (*quoting Pioneer Inv. Services Co.*, 507 U.S. at 395); *see also Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995). The reason for the delay in filing the answer is "a very important factor – perhaps the most important single factor …." *Torres*, 372 F.3d at 1163.

TXU Energy Defendants contend that they have been responsive, but that they have refrained from filing responsive pleadings in order to alleviate confusion as to which court has proper jurisdiction [Doc. Nos. 24, 26]. They further highlight the unique case history and complex procedural issues involved due to the ancillary bankruptcy proceedings.

Plaintiff, on the other hand, focuses his argument on TXU Energy Defendants' failure to follow the Federal Rules of Civil Procedure and the Court's Local Rules [Doc. Nos. 25, 28].

After considering these factors, the Court finds that TXU Energy Defendants should be granted additional time to answer. The Court notes that there is a strong preference for resolution of cases on their merits, rather than resolution based on some procedural misstep. Moreover, the Court is mindful of the fact that a denial of additional time here would necessarily lead to entry of default. As the Tenth Circuit has noted, default judgments are "a harsh sanction." *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987). Defaults are not favored. *See H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970) ("the default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."); *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) ("We do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error.").

Neither Plaintiff nor TXU Energy Defendants convincingly argue that they have or have not been prejudiced. TXU Energy Solutions Management Company LLC, TXU Energy Industries Company and TXU Energy Services LLC were served with a copy of the Complaint on June 2, 2017 [Doc. Nos. 5-7]. Pursuant to FED. R. CIV. P. 12(a)(1)(A)(i), their time to file an answer to Plaintiff's Complaint expired on June 23, 2017. Although these three defendants did not file an answer prior to that date, counsel did file a Notice of

Bankruptcy [Doc. No. 11], requesting the Court stay proceedings with respect to all Defendants, except Experian, during the pendency of bankruptcy proceedings involving EFH. The Court did not rule on the motion until September 19, 2017 [Doc. No. 22]. Shortly thereafter, TXU Energy Defendants sought leave from the Court to file an answer and respond to Plaintiff's Motion for Entry of Default out of time [Doc. Nos. 24, 26]. *See Moore v. City of Tulsa*, Case No. CIV-14-152-CVE, 2014 WL 6836216, at *3 (N.D. Okla. Dec. 3, 2014) (finding five-month delay in filing answer had no impact on judicial proceedings where defendant had appeared and defended the case by filing and responding to motions, which weighed in favor of finding excusable neglect).

Plaintiff does not argue that this delay will seriously affect the judicial proceedings. No scheduling order is in place, and no other court action has occurred. Moreover, counsel for TXU Energy Defendants has appeared and defended the case by filing various motions and notices with the Court. Therefore, this factor weighs in favor of TXU Energy Defendants.

The reason for the delay is often the decisive factor in determining excusable neglect. *Torres*, 372 F.3d at 1163. "[I]nadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)." *Quigley v. Rosenthal,* 427 F.3d 1232, 1238 (10th Cir. 2005). Excusable neglect is an elastic standard that is not limited to actions outside the control of the moving party. *Pioneer Inv. Services Co.*, 507 U.S. at 392. If the Court had adopted TXU Energy Defendants' position regarding the stay, then TXU Energy Defendants would not have had to file an answer to Plaintiff's Complaint during the duration of the stay. After the Court ruled against TXU Energy

5

Defendants on this issue [Doc. No. 22], TXU Energy Defendants promptly sought leave from the Court to file an answer out of time. The Court finds that TXU Energy Defendants have demonstrated a valid reason for the delay.

Finally, the last factor is whether the movant acted in good faith. Plaintiff offers no evidence of bad faith.

## CONCLUSION

For the foregoing reasons, TXU Energy Defendants' Motion for Leave to File Answer or Other Responsive Pleading [Doc. No. 26] is GRANTED. The Court directs TXU Energy Defendants to answer or otherwise respond to Plaintiff's Complaint within 21 days from the date of this Order. This Order moots Plaintiff's Motion for Entry of Default [Doc. No. 15] and TXU Energy Defendants' Amended Motion for Leave to File Objection to Entry of Default [Doc. No. 24]; therefore, those motions are DENIED.

IT IS SO ORDERED this 13th day of November 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE