IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

VANCE DOTSON,                )
                             )
         Plaintiff,          )
                             )
v.                           )   Case No. CIV-17-575-D
                             )
ENERGY FUTURE HOLDINGS       )
CORP. d/b/a TXU ENERGY, *et al.*, )
                             )
         Defendants.         )

# ORDER

Before the Court is Plaintiff's Second Motion for Entry of Default [Doc. No. 33] against three of the TXU Energy Defendants[1]. TXU Energy Defendants have filed a response in opposition [Doc. No. 35]. For the following reasons, the Court denies Plaintiff's Second Motion for Entry of Default [Doc. No. 33].

## FACTUAL BACKGROUND

On November 13, 2017, the Court denied Plaintiff's First Motion for Entry of Default [Doc. No. 15] and directed TXU Energy Defendants to answer or otherwise respond to Plaintiff's Complaint within 21 days from the date of the Order. [Doc. No. 31]. Within the 21 days, TXU Energy Defendants[2] filed a Motion for Summary Judgment [Doc. No. 32], on December 4, 2017.

---

[1] Plaintiff's motion for entry of default is against TXU Energy Solutions Management Company, TXU Energy Industries Company, and TXU Energy Services Company. These three are among the 12 remaining TXU Energy Defendants.

[2] The motion was filed on behalf of Energy Future Holdings Corporation ("EFH") and TXU Energy Defendants, i.e., all defendants except Experian Information Solutions, Inc.

On December 5, 2017, Plaintiff filed his Second Motion for Entry of Default [Doc. No. 33], asserting that three of the TXU Energy Defendants had failed "to plead or otherwise defend." TXU Energy Defendants responded in opposition [Doc. No. 35]. TXU Energy Defendants maintain that they have complied with the Court's Order [Doc. No. 31] to "answer or otherwise respond to Plaintiff's Complaint within 21 days" by filing their Motion for Summary Judgment on December 4, 2017.

## ANALYSIS

The decision whether to enter default judgment falls within the Court's discretion. *Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997). "The preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). As the Tenth Circuit has noted, default judgments are "a harsh sanction"; they are not favored. *M.E.N. Co. v. Control Fluidics, Inc.,* 834 F.2d 869, 872 (10th Cir. 1987); *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). In fact, default judgment is normally "viewed as available only when the adversary process has been halted because of an unresponsive party." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991).

Fed. R. Civ. P. 55(a) provides that a clerk must enter default when a party "has failed to plead or otherwise defend." Pursuant to the Court's Order [Doc. No. 31], an answer or responsive pleading was due December 4, 2017. On December 4, 2017, TXU Energy Defendants responded in the form of a motion for summary judgment [Doc. No. 32].

Pursuant to FED. R. CIV. P. 56(a), "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery," unless a different time is set by the Local Rules or the Court orders otherwise.[3] The 2009 Advisory Committee Note provides that a party may "move for summary judgment at any time, even as early as the commencement of the action." FED. R. CIV. P. 56 advisory committee's note. When a motion for summary judgment is made solely on the pleadings, "it is functionally the same as a motion to dismiss or a motion for judgment on the pleadings." *Schwartz v. Compagnie General Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968). Further, FED. R. CIV. P. 12(d) allows a court to treat a motion to dismiss that presents matters outside the pleadings as a motion for summary judgment. Simply put, although TXU Energy Defendants' filing of a motion denominated as one for summary judgment is procedurally unorthodox, it is not barred under the Federal Rules of Civil Procedure at this point in the proceedings.

Further, the Court finds that TXU Energy Defendants have not failed to plead or otherwise defend as required by Rule 55. *See Hise v. Philip Morris Inc.,* No. 99-5113, 2000 WL 192892, at *3 (10th Cir. Feb. 17, 2000) (unpublished)[4] ("We believe a summary judgment motion, seeking to dispose of all the issues of a case, is an effort to 'otherwise defend,' and as such, is sufficient to prevent default judgment."); *see also* 10A Wright, Miller & Kane, *Federal Practice & Procedure* § 2682, at 15-17 (4th ed. 2016) (explaining

---

[3] LCvR 56.1(a) limits each party to only one motion under FED. R. CIV. P. 56, absent leave of court.

[4] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

that motions challenging the sufficiency of the pleadings are sufficient to "otherwise defend"); 10 James Wm. Moore *et al.*, *Moore's Federal Practice* § 55.11[2][b], at 55-20 (3d ed. 2017) (explaining that other preliminary motions, such as a motion for summary judgment, may constitute "otherwise defending" if the motion indicates that the party is actively defending against the claims).

In *Rashidi v. Albright*, the United States District Court for the District of Nevada held that a motion for summary judgment was sufficient to prevent default, even though the defendant had not filed an answer. *Rashidi,* 818 F. Supp. 1354, 1356 (D. Nev. 1993). "[C]learly a summary judgment motion which speaks to the merits of the case and demonstrates a concerted effort and an undeniable desire to contest the action is sufficient to fall within the ambit of 'otherwise defend' for purposes of FED. R. CIV. P. 55." *Id.*

The district court's conclusion was affirmed by the Ninth Circuit. *Rashidi v. Albright*, No. 93-15623, 1994 WL 594637, at *4 (9th Cir. Oct. 31, 1994) (unpublished) ("We agree with [the district court's] reasoning that if responses that do not even go to the merits of the case can prevent the entry of default, then surely a summary judgment motion, which seeks to dispose of all of the issues of the case should suffice to prevent a default judgment.").

TXU Energy Defendants' Motion for Summary Judgment shows a continuation on their part to defend themselves against the Complaint.[5] They raise several defenses in their

---

[5] Counsel for TXU Energy Defendants and EFH has filed several motions and responses in this case. On June 21, 2017, counsel filed a Notice of Bankruptcy [Doc. No. 11]. The notice requested the Court stay proceedings with respect to all Defendants, except Experian, during the pendency of bankruptcy proceedings involving EFH. [Doc. No. 11].

4

motion, including subject matter jurisdiction, the statute of limitations, and the naming of improper parties. [Doc. No. 32]. In short, they have not failed to "otherwise defend" in this action.

## CONCLUSION

Accordingly, Plaintiff's Second Motion for Entry of Default [Doc. No. 33] is DENIED.

IT IS SO ORDERED this 5th day of February 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

Subsequently, and out of time, TXU Energy Defendants filed their Amended Motion for Leave to File Objection to Entry of Default [Doc. No. 24] and Motion for Leave to File Answer or Other Responsive Pleading [Doc. No. 26]. TXU Energy Defendants and EFH filed a Motion for Summary Judgment [Doc. No. 32], on December 4, 2017. TXU Energy Defendants filed a response in opposition to Plaintiff's Second Motion for Entry of Default on December 8, 2017 [Doc. No. 35].