# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-17-575-D |
| ENERGY FUTURE HOLDINGS CORP. d/b/a TXU ENERGY, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Plaintiff's Motion to Strike Notice to Court of Defendants Filing Miscellaneous Motions before the United States Bankruptcy Court for the District of Delaware ("the Bankruptcy Court") and Brief in Support [Doc. No. 29]. Defendants did not file a response within the allotted time or thereafter. Accordingly, Plaintiff's motion is now at issue.

## BACKGROUND

Plaintiff asserts that Defendants' notice [Doc. No. 27] is not a proper pleading under the Federal Rules of Civil Procedure or the Local Rules[1]. Further, Plaintiff contends that the notice adds "unnecessary clutter to the docket and, thus, should be stricken from the record." [Doc. No. 29 at 2].

---

[1] Although Plaintiff contends Defendants have violated the Local Rules, Plaintiff does not cite to a specific Local Rule. The Court finds no violation of the Local Rules by Defendants. In fact, LCvR 21.1 requires a party to file a Notice of Bankruptcy if a party to a civil case files bankruptcy. Further, LCvR 3.7 provides for a Notice of Related or Companion Cases. Simply put, the notice at issue [Doc. No. 27] provided the Court with information about the parallel bankruptcy proceedings.

## STANDARD OF DECISION

Pursuant to FED. R. CIV. P. 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, such relief is a "drastic remedy" and generally disfavored. *United States v. Hardage*, 116 F.R.D. 460, 463 (W.D. Okla. 1987); *see also Fed. Nat'l Mortgage Ass'n v. Milasinovich*, 161 F. Supp. 3d 981, 993 (D.N.M. 2016). In fact, such motions, in addition to being disfavored, are often "considered purely cosmetic or 'time wasters.'" *Milasinovich*, 161 F. Supp. 3d at 993 (*quoting* 5C Wright & Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2015)); *see also Tavasci v. Cambron*, No. CIV-16-0461 JB/LF, 2016 WL 6405896, at *7 (D.N.M. Oct. 25, 2016) (describing motions to strike as "busywork" that "crowd the docket").

Motions to strike should be denied "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Milasinovich*, 161 F. Supp. 3d at 993 (*quoting* 5C Wright & Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2015)). Also, any doubt as to whether the "challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." *Id.*

## DISCUSSION

As authority for his motion to strike, Plaintiff cites to FED. R. CIV. P. 7 and *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989). FED. R. CIV. P. 7(a) defines "pleadings" as a complaint; an answer to a complaint; an answer to a counterclaim;

an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and, if the court orders one, a reply to an answer. Further, "[a] request for a court order must be made by motion." FED. R. CIV. P. 7(b).

However, "[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, … memoranda, objections, or affidavits may not be attacked by the motion to strike." *Milasinovich*, 161 F. Supp. 3d at 994 (*quoting Dubrovin v. Ball Corp. Consol. Welfare Benefit Plan for Employees*, No. CIV-08-0563 WYD/KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009).

The notice at issue [Doc. No. 27] is not a "pleading" as defined by FED. R. CIV. P. 7. Thus, it cannot be attacked by Plaintiff's motion to strike. *See Skyline Potato Co., Inc. v. Hi-Land Potato Co., Inc.*, No. CIV-10-0698 JB/RHS, 2012 WL 6846386, at *3 (D.N.M. Dec. 31, 2012) (denying a motion to strike a letter filed with the court because the letter was not a "pleading" under the Federal Rules of Civil Procedure); *Great Am. Ins. Co. v. Crabtree*, No. CIV-11-1129 JB/KBM, 2012 WL 3656500, at *18 (D.N.M. Aug. 23, 2012) (denying the plaintiff's motion to strike the exhibits attached to the defendant's motion to dismiss because they were not pleadings within the meaning of Rule 12(f) and the materials were not irrelevant); *Applied Capital, Inc. v. Gibson*, No. CIV-05-98 JB/ACT, 2007 WL 5685131, at *18 (D.N.M. Sept. 27, 2007) (denying the plaintiff's request to strike a motion to dismiss because Rule 12(f) applies only to pleadings and not to a motion to dismiss); *Estate of Anderson v. Denny's, Inc.*, 291 F.R.D. 622, 635 (D.N.M. 2013) (denying the plaintiff's request to strike a notice of completion of briefing for similar reasons).

Plaintiff's reliance on *Midwhey Powder Co.* is misplaced. The plaintiff there moved to strike the defendant's affirmative defenses, which the court found were pleadings and subject to the pleading requirements of the Federal Rules of Civil Procedure. *Midwhey Powder Co.*, 883 F.2d at 1294.

Further, the notice is not redundant, immaterial, impertinent, or scandalous. Although Defendants had previously informed the Court of the proceedings in the Bankruptcy Court in their Notice of Bankruptcy [Doc. No. 11], the later notice [Doc. No. 27] provided information that was not included in the Notice of Bankruptcy, including the identification of motions that had been filed subsequently.

In addition, the notice appears to relate to the controversy at issue and does not cause any prejudice to Plaintiff. In fact, a key issue in this action has been whether to enforce an automatic stay of Plaintiff's claims and whether this Court or the Bankruptcy Court has jurisdiction. This issue was addressed by the Court in an Order dated September 19, 2017 [Doc. No. 22], after Defendants raised the issue in their Notice of Bankruptcy [Doc. No. 11]. More recently, Defendants have raised the issue in their Motion for Summary Judgment [Doc. No. 32].

## CONCLUSION

Plaintiff's Motion to Strike Notice to Court of Defendants Filing Miscellaneous Motions before the Bankruptcy Court [Doc. No. 29] is DENIED as set forth herein.

IT IS SO ORDERED this 7th day of May 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE