# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON, | ) |
|         Plaintiff, | ) |
| v. | )   Case No. CIV-17-575-D |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) |
|         Defendant. | ) |

## ORDER

Several motions are pending before the Court.[1] The motions involve two central issues. The first is the entry of a protective order to protect confidential and proprietary information. The second is Plaintiff's requests for production and Rule 30(b)(6) notice topics. Upon consideration of these filings, the Court finds no need for a hearing, and issues its ruling.

    **A.**    **Protective Order**

On November 26, 2018, the parties submitted a joint motion and brief in support of a protective order [Doc. No. 51]. Plaintiff's signature, noting his agreement with the terms, was shown on page six of the proposed protective order. [Doc. No. 51-1 at 6]. On

---

[1] Before the Court are Plaintiff's Motion for Hearing on Experian Protective Order and Motion to Compel on 30(b)(6) Notice Topics [Doc. No. 54] and Plaintiff's Motion to Compel Production of Documents [Doc. No. 56]. Defendant has responded to both motions. [Doc. Nos. 58, 61]. Also at issue is Defendant's Motion for Entry of Protective Order Governing Confidential Information [Doc. No. 59] and Defendant's Motion for Protective Order on Plaintiff's 30(b)(6) Notice [Doc. No. 60].

December 3, 2018 the Court, noting a few minor necessary changes, denied without prejudice the parties' proposed Stipulated Protective Order. [Doc. No. 53].

Despite his earlier indication to the Court in the Joint Status Report [Doc. No. 40 at 6] that a protective order was needed to govern the production of confidential information and his agreement to the earlier version of the proposed protective order [Doc. No. 51-1], Plaintiff is now opposed to Defendant's revised proposed protective order [Doc. No. 59-1]. Defendant asserts that the revised version addresses the Court's limited concerns, and that there is good cause for a protective order governing the production of confidential and proprietary information. Plaintiff's issues with the revised version are addressed in his motion for a hearing at pages one through five. [Doc. No. 54 at 1-5].

The Court will address, sequentially, the following: (1) whether there is good cause for a protective order; (2) Plaintiff's concerns with the revised version; and (3) whether Defendant's revised version is acceptable.

1. Good Cause

Pursuant to FED. R. CIV. P. 26(c)(1)(G), the Court may, "for good cause shown, issue an order to protect a party" and the release of confidential information or trade secrets. "Protective orders that limit the disclosure and use of confidential information produced by the parties during discovery have become common in litigation." *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 246 (D. Kan. 2010). The party seeking the protective order must show that "the information sought is a trade secret and then demonstrate that its disclosure might be harmful." *In re Cooper Tire & Rubber Co.,* 568 F.3d 1180, 1190 (10th Cir. 2009) (*quoting Centurion Indus., Inc. v. Warren Steurer and Associates*, 665 F.2d 323,

325 (10th Cir. 1981)). Once the party makes this showing, "the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets is relevant and necessary to the action." *Id.*; *see also Gillard v. Boulder Valley Sch. Dist. RE-2*, 196 F.R.D. 382, 386 (D. Colo. 2000) ("a party must make a threshold showing of good cause to believe that discovery will involve confidential or protected information"). Rule 26(c) confers broad discretion on the Court to decide when a protective order is appropriate and what degree of protection is necessary. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

The Court finds that Defendant has shown good cause for entry of a protective order. Plaintiff has sought confidential documents and other proprietary information from Defendant. Disclosure of these documents to the public would present a serious risk of harm to Defendant. Further, the risk appears to be heightened by Plaintiff's efforts to publicize this case and other cases on social media.[2]

In support of its motion, Defendant has submitted an affidavit from Amanda Hoover, a Senior Legal and Compliance Specialist employed in Defendant's Consumer Affairs Department. [Doc. No. 58-2]. This affidavit establishes to the Court's satisfaction that certain information subject to diversity is proprietary and should remain confidential. Although the requested documents relate to Plaintiff, they contain certain confidential codes that a competitor could use to discern the design of Defendant's computer system.

---

[2] Plaintiff identifies himself as "Vance The Credit Doctor" on his website. *See* www.vancethecreditdoctor.com. On December 28, 2018, Plaintiff posted a screen shot of an email from Defendant's counsel to him concerning a meet and confer on the motion for a protective order. [Doc. No. 58-7]. Plaintiff has also posted details on social media concerning other lawsuits he is a part of in the Western District of Oklahoma. [Doc. No. 58-3].

The 18-page affidavit explains in specific detail why each document is proprietary and identifies risks associated with disclosure, including identity theft and exploitation by competitors.

2. Plaintiff's Concerns

Plaintiff notes several concerns with Defendant's revised version of the proposed protective order. [Doc. No. 54 at 1-5]. The Court finds that the proposed protective order adequately balances the need to protect confidential and proprietary information with Plaintiff's ability to litigate this case and the public interest.

Plaintiff argues that Defendant's proposed protective order results in an impermissible burden shift by providing "indefinite protection" for materials Defendant designates as confidential without a showing of good cause. [Doc. No. 54 at 2]. The Court disagrees. As evidenced *supra*, Defendant has made the threshold showing of good cause. Although the proposed protective order permits either party to designate documents as confidential, a party may only invoke the designation in good faith. [Doc. No. 59-1 at ¶ 3]. After receiving the documents, the opposing party has the right to contest the designation with the Court. *Id.* at ¶ 14. There is no burden shifting; upon such a challenge, the burden is still on the party seeking protection to establish good cause.

Contrary to Plaintiff's assertions, the proposed protective order does not require all court filings or submissions to be made under seal. [Doc. No. 54 at 3]. Only to the extent that a filing includes a document designated "Confidential," shall a party seek leave of the Court to file the document, or portions thereof, under seal in accordance with the Electronic Case Filing Policies & Procedures Manual. [Doc. No. 59-1 at ¶ 4]. The proposed

protective order also includes a provision that nothing in the order shall prevent a party from using confidential materials at trial. *Id.* at ¶ 11.

The proposed protective order does not, as Plaintiff asserts, preclude Plaintiff from sharing confidential materials with his expert witness. Disclosure to expert witnesses is specifically provided for in paragraph 6(f). Although an expert witness must sign the Declaration of Compliance before documents can be made available, Plaintiff has not shown that the declaration has deterred any specific expert witness he has consulted from participating in the case.

Plaintiff also asserts that the public has a general right of access to discovery materials produced in this case. Plaintiff asserts that "[s]ecrecy is strongly disfavored" and that Defendant "has demonstrated no compelling interest in clos[ing] the courtroom, sealing the public record, and avoiding a public trial." [Doc. No. 54 at 2, 4]. The Court would note that the public has not been denied access to these proceedings. The parties' filings are a matter of public record. Moreover, Defendant has not sought such protection in this case. Further, "[d]iscovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public." *Burke v. Glanz,* Case No. CV-11-720-JED-PJC, 2013 WL 211096, at *4 (N.D. Okla. Jan. 18, 2013) (*quoting Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

The proposed protective order provides procedures to utilize when confidential information is disclosed during depositions, including how to handle the transcripts from those depositions if the deposition discusses confidential information. Contrary to

5

Plaintiff's assertions, the provision is narrowly tailored, provides sufficient notice to the parties, and does not appear to place either party at risk of contempt.

Finally, Plaintiff's reference to non-parties is nonsensical. [Doc. No. 54 at 4-5]. The only reference to a non-party in the proposed protective order is in paragraph 2. It states that any party or non-party who produces materials may designate them as "Confidential." [Doc. No. 59-1 at ¶ 2]. This provision, which is designed to protect non-parties who produce documents in connection with this case and in response to a subpoena, is appropriate.

  3. Defendant's Revised Version of the Protective Order

The Court has reviewed Defendant's revised proposed protective order and finds that it is acceptable. Defendant removed the reference to "Attorney's Eyes Only," which was in the initial version. Thus, the Court's concerns about Plaintiff (who is *pro se*) having access to discovery materials has been alleviated. Moreover, references to other defendants was eliminated. Accordingly, Defendant's Motion for Entry of Protective Order Governing Confidential Information [Doc. No. 59] is GRANTED. A Protective Order will be entered separately by the Court.

  **B.** **Plaintiff's Motions to Compel**

Plaintiff has filed two motions to compel. [Doc. Nos. 54, 56].

  1. Motion to Compel – Rule 30(b)(6) Notice Topics

The Rule 30(b)(6) notice topics are contained in Defendant's response [Doc. No. 58-5]. Defendant contends that Plaintiff's 30(b)(6) notice topics are not described with reasonable particularity, are vague and confusing, and are overly broad because they are

not limited to the single TXU account at issue. Defendant seeks a separate protective order to set reasonable limitations on the scope of Plaintiff's topics. [Doc. No. 60]. Although Defendant offered to present a witness on most topics with reasonable limitations and initiated a meet and confer, Defendant asserts that Plaintiff filed the instant motion in violation of LCvR 37.1.

Pursuant to FED. R. CIV. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …." Relevant information "need not be admissible in evidence to be discoverable." *Id.* Relevance is broadly construed at the discovery stage, and a request should be considered relevant "if there is any possibility that the information sought may be relevant to the subject matter of the action." *Buffington v. Gillette Co.,* 101 F.R.D. 400, 401 (W.D. Okla. 1980). When the request is overly broad, or relevance is not clear, the party seeking the discovery has the burden to show the relevance of the request. *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

The party seeking discovery through a Rule 30(b)(6) deposition is required to describe "with reasonable particularity the matters for examination." FED. R. CIV. P. 30(b)(6). "The Rule only operates effectively when the requesting party specifically designates the topics for deposition …." *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 504 (D.S.D. 2009) (citations omitted); *see also McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008) ("the requesting party must take care to designate, with painstaking specificity the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute"). "Several courts have recognized that preparing a Rule

30(b)(6) designee may be an onerous task ….." *Great Am. Ins. Co. of NY v. Vegas Constr. Co., Inc.,* 251 F.R.D. 534, 540 (D. Nev. 2008).

Some courts utilize a more strict "reasonable particularity" requirement in the context of depositions of data system witnesses. *See, e.g., Winfield v. City of N.Y.*, Case No. CV-15-5236 (LTS) (KHP), 2018 WL 840085, at *7 (S.D.N.Y. Feb. 12, 2018). Factors to consider in determining whether the notice requires more specificity include the nature of the topics, the descriptions, and whether a reasonable person reading the notice would understand how to prepare for the deposition. *Id.* Topics should not be listed as "including but not limited to" but should be explicitly stated. *Tri-State Hosp. Supply Corp. v. United States,* 226 F.R.D. 118, 125 (D.D.C. 2005). When the topics concern complex data, "even greater specificity is required to ensure that the witness can prepare for the deposition, that the deposition is productive, and that the parties' time is not wasted on topics that do not relate to core claims or defenses." *Winfield,* 2018 WL 840085, at *5; *see also E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 421, 426 (D. Kan. 2007).

Turning to the topics Plaintiff lists in his notice, it is apparent that they have not been described with reasonable particularity. The topics are overly broad, and Plaintiff has not met his burden to show the relevance of his requests.

Plaintiff's claims in his Complaint relate to a single account that appears in his Experian credit report – a charged off TXU Energy account with a past due amount of $107.00. [Doc. No. 1 at ¶ 9]. Plaintiff asserts that TXU Energy furnished inaccurate information regarding this account to Defendant, and that Defendant failed to conduct a reasonable investigation to accurately verify the debt. *Id*. at ¶¶ 10, 16. Plaintiff's notice

topics, however, are not limited to this one TXU Energy account. Rather, Plaintiff requests "any and all documents," without any time limitation, "which list, bear, or contain" his name. [Doc. No. 58-5 at ¶¶ 1-5, 8-9, 26]. Several topics also contain incorrect references to "Plaintiffs" or "either or both Plaintiffs." *Id*. at ¶¶ 6, 9, 10. Plaintiff has disputed numerous accounts with Defendant over the years, and Defendant has conducted many re-investigations relating to accounts that are not at issue in this case. Hoover's Decl. [Doc. No. 58-2 at ¶ 6]. Plaintiff's Rule 30(b)(6) notice goes beyond topics relevant to his claims.

Other overly broad requests include "[c]opies of any and all" or "[a]ny and all documents or other recordings evidencing, constituting or referring to" policy and procedure manuals and "computer programs, software or hardware [Defendant] uses … to access credit data and/or consumer reports." [Doc. No. 58-5 at ¶¶ 7, 11-16, 18, 22]. Preparing a witness on such topics would be overly burdensome. Plaintiff also requests "[c]opies of any and all documents discussing the Metro Tape Format" and documents addressing the "architecture of [Defendant's] frozen data report system." *Id.* at ¶¶ 17, 19, 22. Defendant contends that it does not maintain a frozen data report system, and TXU Energy did not use Metro Tape to communicate any information with Defendant. Hoover's Decl. [Doc. No. 58-2 at ¶¶ 40, 42].

Finally, paragraphs 27 through 29 seek testimony relating to Defendant's expert witnesses, including "[a]ny and all work papers, notes and documents in the file of any expert witness." [Doc. No. 58-5 at ¶ 27-29]. Neither party has identified an expert, and Rule 30(b)(6) is not the proper method to obtain discovery from an expert witness.

Defendant has submitted a proposed protective order to limit the Rule 30(b)(6) notice topics. [Doc. No. 60-1]. The Court finds the protective order is appropriate and will enter it separately. Accordingly, Defendant's Motion for Protective Order on Plaintiff's 30(b)(6) Notice [Doc. No. 60] is GRANTED. Plaintiff's Motion for Hearing on Defendant's Protective Order and Motion to Compel on 30(b)(6) Notice Topics [Doc. No. 54] is DENIED.

2. Motion to Compel – Requests for Production

Plaintiff's second motion to compel involves his requests for production of documents. [Doc. No. 56]. Plaintiff's requests and Defendant's responses are attached as an exhibit to Plaintiff's motion to compel. [Doc. No. 56-1]. Defendant asserts that Plaintiff has copied portions of a brief filed in an unrelated case to challenge Defendant's objections to Plaintiff's production requests. The result is illogical arguments that have no bearing on the issues in the case.

"Despite the liberal breadth of discovery allowed under the federal rules, the proponent of a motion to compel discovery still bears the initial burden of proving that the information sought is relevant." *Metzger v. Am. Fid. Assurance Co.*, Case No. CIV-05-1387-M, 2007 WL 3274934, at *1 (W.D. Okla. Oct. 23, 2007) (internal citation omitted). "[F]ailure to make even a colorable initial showing as to relevance can doom a motion to compel." *Id.* Even where a moving party establishes relevance, Rule 26 imposes proportionality limitations on all discovery. *Witt v. GC Services Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014) (the proposed discovery must be proportional to the needs of the case and not unduly burdensome or expensive); FED. R. CIV. P. 26(b)(1).

None of Plaintiff's requests for production are limited to the TXU Energy account at issue. Although Plaintiff has disputed numerous accounts with Defendant over the years, the claims in his Complaint center on a single TXU Energy account. "Discovery … is not intended to be a fishing expedition …." *Landry v. Swire Oilfield Services, L.L.C.*, 323 F.R.D. 360, 376 (D.N.M. 2018) (internal citations omitted). "Broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Id.* (*quoting Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995)). The focus for the Court is on the actual claims and defenses involved in the action. *Landry*, 323 F.R.D. at 377; *see also* FED. R. CIV. P. 26 advisory committee's note to 2000 amendment. Accordingly, Plaintiff's blanket requests for "[a]ll documents regarding the plaintiff maintained by [Defendant] since January 1, 2013," would yield documents involving accounts that are unrelated to Plaintiff's claims in this case. [*see, e.g.,* Doc. No. 56-1 at ¶¶ 1-4, 7-10, 24, 26-27].

Defendant has agreed to produce the Disclosure Logs, D/R Logs, and relevant portions of the Administrative Report with the appropriate confidentiality designation once the protective order is entered. [Doc. No. 61 at 8-9]. Thus, that issue appears to be resolved.

Plaintiff's arguments relating to a matching algorithm and mixed files are nonsensical. [Doc. No. 56 at 9-11]. There are no references to mixed files in Plaintiff's production requests, nor does he make any such allegation in his Complaint. He titles the section, "Matching Algorithm(s)," but he does not define that term in his motion, and his requests for production do not include such a term.

11

In the section titled, "Experian's Motivations," Plaintiff uses recycled arguments that have no application here. He argues that one of his "core allegations" is that Defendant refused to investigate Plaintiff's subsequent disputes. However, Plaintiff did not raise the issue of subsequent disputes in his Complaint. Further, Defendant has agreed to produce the relevant portions of its policies and procedures relating to reinvestigations and present a Rule 30(b)(6) witness on these topics upon entry of a protective order. Moreover, Defendant asserts that it does not maintain cost analyses on reinvestigations of consumer disputes. Thus, these issues appear to be resolved.

Plaintiff's production requests numbered 20 and 21 appear to seek manuals related to reinvestigations of consumer disputes. As stated *supra*, Defendant has agreed to produce them upon entry of a protective order. Finally, Plaintiff references "the production of publicly available documents," but he fails to identify which request for production relates to this argument. Defendant notes that it has no "centralized repository" for the hundreds of lawsuits filed against it each year, and that the burden of collecting such information would be "extreme." [Doc. No. 61 at 14]. The Court finds that "unrelated complaints are not relevant pursuant to FED. R. CIV. P. 26(b)(1) to any of the claims or defenses pled in this case" and that the burden upon Defendant to locate and produce these unrelated complaints "is substantial and outweighs any likely benefit." *Mattingly v. Credit Mgmt., LP*, Case No. CIV-05-80, 2005 WL 3271683, at *1 (D. Colo. June 7, 2005). Accordingly, Plaintiff's Motion to Compel Production of Documents [Doc. No. 56] is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Entry of Protective Order Governing Confidential Information [Doc. No. 59] and Motion for Protective Order on Plaintiff's 30(b)(6) Notice [Doc. No. 60] are GRANTED. Protective Orders will be entered separately by the Court. Plaintiff's Motion for Hearing on Defendant's Protective Order and Motion to Compel on 30(b)(6) Notice Topics [Doc. No. 54] and Motion to Compel Production of Documents [Doc. No. 56] are DENIED.

**IT IS SO ORDERED** this 4th day of February 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE