**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VANCE DOTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-575-D |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER**

Pursuant to the Order filed separately herein [Doc. No. 68], in which the Court granted Defendant's Motion for Entry of Protective Order Governing Confidential Information [Doc. No. 59], the Court orders the following:

Where documents and information have been and may be sought, produced, or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology, or other proprietary information belonging to Defendant and/or personal income, credit and other confidential information of Plaintiff, this Order protecting such confidential information is hereby entered as follows:

1.      This Order is limited to and shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.      Any party or non-party producing or filing documents or other materials in this action ("Producing Party") may designate such materials and the information

contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.      A party shall designate as "Confidential" only such information that the party in good faith believes in fact is confidential.  Information and documents that may be designated as "Confidential" include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this Order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

4.      To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" and shall seek leave of Court to file the materials, or portions thereof, under seal in accordance with the Western District of Oklahoma *ECF Policies & Procedures Manual*, § III.A.

5.      All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects, or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes or for any purpose whatsoever other than

solely for the preparation and trial of this action in accordance with the provisions of this Order.

6.      Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript, or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects, or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; and (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7.      Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) unless he or she has first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

8.      If a producing party inadvertently fails to stamp or mark certain documents as "Confidential" upon production, it may later designate such documents as

"Confidential" material by giving written notice to all parties that the material is to be so designated, describing the document(s) by Bates-number if possible. Likewise, a Producing Party may designate any other documents that it has already produced as "Confidential" material by giving written notice to all parties that the material is to be designated, describing the document(s) by Bates-number if possible. Upon such notice, all parties who received the designated material shall then stamp or otherwise mark their copies of the designated material as "Confidential" material in the manner described in paragraph 2 above.

9.     A party shall designate other confidential material disclosed during deposition in this matter as "Confidential" by notifying all parties either during the deposition or, in writing, within 30 days of receipt of the transcript, of the specific pages and lines of the transcript and/or exhibits which contain confidential material.

10.    All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.   All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information, or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 for the purposes specified, and in no event shall such person make any other use of such document or transcript.

11.     Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

12.     This Order is entered to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

13.     Within 60 days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries, or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

14.     If any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

15.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

16.     The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**IT IS SO ORDERED** this 6th day of February, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I have received a copy of the Protective Order entered in this action on _____, 20___.

5.      I have carefully read and understand the provisions of this Protective Order.

6.      I will comply with all provisions of this Protective Order.

7.      I will hold in confidence and will not disclose to anyone not qualified under the Protective Order, any information, documents, or other materials produced subject to this Protective Order.

8.      I will use such information, documents, or other materials produced subject to this Protective Order only for purposes of this present action.

9.      Upon termination of this action, or upon request, I will return and deliver all information, documents, or other materials produced subject to this Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.     I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 201__ at _____.

_____
QUALIFIED PERSON